## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **NO. 17-00292-1** |
| CANE SINGLETON | : | |

## MEMORANDUM

**SCHMEHL, J.**   */s/JLS*                                      **OCTOBER 20, 2021**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,

Defendant pled guilty to two counts of theft of firearms, in violation of 18 U.S.C. §

922(u), two counts of robbery which interfered with interstate commerce, in violation of

18 U.S.C. § 1951(a), and one count of using, carrying and brandishing a firearm during

and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The charges

arose from Defendant's participation in the burglary of two federal firearms licensees in

Bucks County and Northampton County on or about January 26, 2017 and February 23,

2017, respectively and his participation as the getaway driver in the armed robberies of

a Catty Mart and a Red Roof Inn on or about February 7, 2017, and April 16, 2017,

respectively. As part of his guilty plea agreement, Defendant reached an agreement

with the United States that 120 months of imprisonment was an appropriate sentence.

This term of imprisonment was 61 months below the low end of Defendant's federal

guideline range (taking into account the statutory mandatory minimum of 84 months on

Count 5). Presently before the Court is the Defendant's motion for compassionate

release. For the reasons that follow, the motion is denied.

The government informs the Court that Defendant is serving his sentence at FCI

Beckley in West Virginia with an expected release date of December 6, 2025. He has

served approximately four years and four months and has earned credit for good

conduct time of approximately nine months for a total time served of approximately 61 months. He has committed a number of disciplinary infractions during his time in custody.

In his Motion, Defendant simply asks the Court to grant him compassionate release under 18 U.S.C. § 3582 (c)(1)(A)(i) and modify or reduce his sentence to time served. Defendant appears to contend that he should be released because he is not receiving adequate treatment for his bipolar disorder.

## II. LEGAL STANDARD

As a general rule, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825, (2010). However, the First Step Act provides for a compassionate release exception to that general rule, stating that: (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[1], whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] 18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (stating that the court may reduce a term of imprisonment if it finds, after consideration of the factors in § 3553(a), that "[e]xtraordinary and compelling

---

[1] The government does not dispute Defendant's representation that he has exhausted his administrative remedies.

reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement").

Although neither U.S.S.G. § 1B1.13 nor Congress defines the term "extraordinary and compelling," the Sentencing Commission's commentary to § 1B1.13, provide guidance. See U.S.S.G. § 1B1.13 cmt. n.1. The commentary provides that "extraordinary and compelling reasons" can include (1) certain specified serious medical conditions (a terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care" in prison and "from which he or she is not expected to recover"); (2) the defendant's advancing age (over 65), in combination with a serious deterioration of his health and his successful completion of at least 10 years or 75% of his sentence; (3) the defendant's family circumstances, and (4) "[o]ther [r]easons ... [a]s determined by the Director of the Bureau of Prisons" to be extraordinary and compelling, either alone or in combination with the three prior reasons. U.S.S.G. § 1B1.13, cmt. n.1.

**<u>DISCUSSION</u>**

According to Defendant's medical records, Defendant, who is 27 years old, does not suffer from a terminal illness. Nor does he have an incurable, progressive illness or debilitating injury that causes him to be capable of only limited self-care or confined to a bed or chair more than 50% of his waking hours. His medical records show that he is fully ambulatory. Although his bipolar disorder is adequately controlled with medications such as Lithium Carbonate and Abilify that are administered by the Bureau of Prisons, the medical records also reveal that Defendant has often been non-compliant with taking   these medications. ECF 46, p.6,7,9,10,15.

Here, the Defendant is not eligible for compassionate release because he has

not identified any condition that he currently has that is on the CDC's list of risk factors, or indeed any chronic medical ailment. See, e.g., *United States v. Williams*, 2020 WL 4001045, at *2 (E.D. Pa. July 14, 2020) (Bartle, J.) (denied for inmate who presents no health conditions); *United States v. Cato*, 2020 WL 4193055, at *2 (E.D. Pa. July 21, 2020) (Beetlestone, J.) (same); *United States v. Moore*, 2020 WL 4193012, at *1 (E.D. Pa. July 21, 2020) (Pappert, J.) (same); *United States v. Ramirez-Ortega*, 2020 WL 4805356, at *2 (E.D. Pa. Aug. 18, 2020) (DuBois, J.) (same); *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (Drain, J.) (denied for 28-year-old inmate at institution with outbreak); *United States v. James*, No. 15-00255, 2020 WL 3567835, at *4 (D. Minn. July 1, 2020) ("While it appears that he suffers from significant mental health disorders ... none of these conditions have been identified by the [CDC] as specifically increasing the risk of developing serious illness from COVID-19.") (citations omitted); *United States v. Poncedeleon*, No. 18-6094, 2020 WL 3316107, at *2 (W.D.N.Y. June 18, 2020) (denying defendant's motion for compassionate release in part because "[m]ost of her medical conditions—seizures, hyperthyroidism, anxiety, bipolar disorder, depression, migraines—are not believed to present a higher risk of complications") (citations omitted).

In addition, Defendant has refused to be vaccinated. ECF 46, p.61. This Court has repeatedly held that an inmate's refusal to be vaccinated precludes eligibility for compassionate release. *See, e.g. United States v. Ortiz*, 2021 WL 1422816, at *3 & *5 n.6 (E.D. Pa. Apr. 15, 2021) (Leeson, J.) ("common sense dictates that finding otherwise would risk creating perverse incentives. Overlooking a medically at-risk petitioner's refusal of an available vaccine and granting him compassionate release would likely incentivize other medically at-risk prisoners to decline an offer of a vaccine, putting themselves and others at risk."); *United States v. Jackson*, 2021 WL 1145903

4

(E.D. Pa. Mar. 25, 2021) (Beetlestone, J.) (the court denied relief even though the defendant was 58 years old and suffered from, among other conditions, obesity (BMI of 31.2), type II diabetes, hypothyroidism, hypertension, asthma, and high cholesterol, stating that "the Court finds that her unexplained refusal to accept a COVID-19 vaccination when offered negates her otherwise compelling medical reasons for release."); *United States v. Church*, No. 14-323-2, ECF no. 1270 (E.D. Pa. Apr. 9, 2021) (McHugh, J.) ; *United States v. Cooper*, 2021 WL 1629258, at *7 (E.D. Pa. Apr. 27, 2021) (Joyner, J.) ("While he is certainly well within his rights to make his own decisions as to his own medical care, the Court can reach no other conclusion but that if Defendant had any serious concerns or fears for his health, safety and well-being as a consequence of the coronavirus, he would have availed himself of the COVID-19 vaccine which was offered."); *United States v. Hrynko*, No. 10-105, ECF 74 (E.D. Pa. Apr. 28, 2021) (Padova, J.); *United States v. Ramos*, No. 08-274-02, ECF 270, at 6-7 (E.D. Pa. July 13, 2021) (DuBois, J.).

Even if Defendant could demonstrate an elevated medical risk or extraordinary and compelling family circumstances, a review of the § 3553(a) factors, would result in the denial of Defendant's motion The Defendant committed very serious crimes, having acted as the getaway driver for two gun shop burglaries and numerous gunpoint robberies during which a firearm was pointed at the store clerk. The Defendant had previously been convicted for two simple assaults and one incident of harassment

The Court does recognize that Defendant was 23 years old at the time he committed these offenses and the Court also recognizes Defendant's mental health history and alcohol dependence at the time of the robberies as well as his lack of education and minimal employment opportunities.

Nevertheless, the Court finds that a significant sentence is necessary to protect

the public from the Defendant and to deter others from contemplating similar actions. A significant sentence is also warranted for purposes of alcohol and mental health treatment. In short, allowing Defendant to be released after having served only 50% of his sentence would not be in the best interests or protecting the public from the dangers of gun violence.

For the foregoing reasons, the Court denies Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). An appropriate Order follows.