IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **NO. 17-00292-1** |
| **CANE SINGLETON** | : | |

**MEMORANDUM**

**SCHMEHL, J.** */s/JLS*                                                                              **OCTOBER 20, 2021**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Defendant pled guilty to a superseding information charging him with two counts of theft of firearms, in violation of 18 U.S.C. § 922(u), two counts of robbery which interfered with interstate commerce, in violation of 18 U.S.C. § 1951(a), and one count of using, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and aiding and abetting, in violation of 18 U.S.C. § 2. The charges arose from Defendant's participation as the getaway driver in the burglary of two federal firearms licensees in Bucks County and Northampton County on or about January 26, 2017 and February 23, 2017, respectively and his participation as the getaway driver in the armed robberies of a Catty Mart and a Red Roof Inn on or about February 7, 2017, and April 16, 2017, respectively. As part of his guilty plea agreement, Defendant reached an agreement with the United States that 120 months of imprisonment was an appropriate sentence. This term of imprisonment was 61 months below the low end of Defendant's federal guideline range (taking into account the statutory mandatory minimum of 84 months on Count Five). Defendant did not file a direct appeal to the Third Circuit Court of Appeals. Defendant did file a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. [ECF 32]. The Court denied this motion by Order on February 4, 2021 [ECF 39]. After Defendant requested that the Court of Appeals

1

permit him to file a second or successive section 2255 motion, the Court of Appeals permitted Defendant to file with this Court a *pro se* motion for reconsideration of the Court's denial of his section 2255 motion and a *pro se* motion to amend his section 2255 motion [ECF 41]. Defendant did so [ECF 42 and 43] and those motions are pending before the Court.

The issues raised by Defendant in his motion for reconsideration and motion to amend are essentially the exact same issues he raised in his previous section 2255 motion that were denied by this Court. Therefore, the Court will not repeat its analysis. The Court will, however, amplify on its previous denial of Defendant's first and third grounds for relief.

In his section 2255 motion, Defendant first argued that the predicate crime of violence in Count Five, the robbery of the Red Roof Inn, did not qualify as a crime of violence under subsection 924(c)(3)(A), the "elements clause" of § 924(c). The Court concluded that based on the Third Circuit's recent decision in *United States v. Monroe and Copes*, 2021 WL 50161 at * 2. (3d Cir. Jan. 6, 2021) (unpublished) Hobbs Act robbery is a crime of violence and therefore Defendant's predicate crime of violence supporting his Count Five conviction – Hobbs Act robbery – was sufficient to support a Section 924(c)(3)(A) conviction.

Defendant now appears to argue that there was no evidence to support his conviction on any of the five counts, claiming he served as nothing more than the getaway driver during the four robberies and never exited the vehicle brandishing a firearm. Defendant in this case also plead guilty to aiding and abetting. "[U]nder the aiding and abetting statute, a person who 'aids, abets, [or] counsels' the commission of a federal offense 'is punishable as a principal.' Aiding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or

2

procuring someone else to commit the offense.'" *United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019) (citations omitted). A "conviction for aiding and abetting is ... treated as a conviction for the crime" and, therefore, a conviction based on aiding and abetting Hobbs Act robbery "qualifies as a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A)." *Id*.; see also *United States v. Green*, 467 F. Supp. 3d 252, 257 (M.D. Pa. 2020) ("Whether [the petitioner] was convicted as an aider and abettor or as the principal is of no moment: either way, he is treated as having personally committed the substantive offense of armed bank robbery.")

In his third claim in his section 2255 motion, Defendant argued that his counsel was ineffective for failing to seek a competency hearing and that, in the absence of counsel raising the issue, the Court should have raised it on its own. Specifically, Defendant claimed he suffered from "severe mental health problems dating all the way back to his young adolescence." In denying this claim for relief, the Court found that this claim was time-barred as it was not raised until Defendant signed his § 2255 motion on December 4, 2019, more than one year after his conviction became final on August 1, 2018. *See* 28 U.S.C. § 2255(f).

The Court will now address this issue so that even if this claim was not time-barred, the Court would still deny the claim. There was absolutely no reason for the Court to order a competency hearing for Defendant. Defendant never presented any medical records in support of his claim that he was incompetent. Indeed, the record of the proceedings clearly demonstrates that Defendant was at all times competent.

At the guilty plea hearing, the Court asked Defendant if he had ever been treated for mental illness, to which Defendant responded that he had. The Court also asked about his medication and Defendant replied that he was prescribed Abilify and Lithium, which he had taken within the previous 24 hours before the plea hearing. Defendant then denied

3

that the medications were affecting his ability to understand what was happening or answer questions and reaffirmed that he understood the Court's questions, which the Court observed Defendant had answered correctly. ECF 36 at 6-7

Next, the following colloquy took place:

> **THE COURT**: And you feel like you've had enough time to go over this case with your attorney?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: So far, has he done everything that you've asked him to do?
>
> **THE DEFENDANT**: Yes.
>
> * * *
>
> **THE COURT**: Did anybody use force, violence or threats to get you to plead guilty this afternoon?
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: Did anybody tell you what to say to me today or put words in your mouth so to speak?
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: Okay. You're answering all my questions truthfully, is that correct?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: And you're pleading guilty because you and your attorney talked it over and you feel it's in your best interests and you're doing this because it's your decision; is that correct?
>
> **THE DEFENDANT**: Yes.

*Id*. at 9, 21.

After Defendant agreed with the recitation of the factual basis for the guilty plea by the government, the Court made the following findings of fact:

> **THE COURT**: Thank you. You may be seated. I'll now make the following finding. The defendant this afternoon is

4

> fully alert. He's competent and capable of entering an informed plea. He's been questioned by the Court. He's been informed of his rights. He has admitted to the facts and he has entered a guilty plea to all five counts in a knowing and voluntary basis. His guilty plea is clearly supported by an independent basis in fact that contains each of the essential elements of the five offenses he has pled guilty to. Therefore, this Court accepts defendant's guilty plea and he is now adjudged guilty of Counts 1 through 5. I will now order that a pre-sentence report be prepared by the probation office and the defendant will be required to give information to assist the officer in the preparation of this report. The defendant may have counsel present while answering any questions

*Id*. at 36.

As can be seen, at no time during the guilty plea hearing sentencing did Defendant raise an issue as to his competency to enter a knowing, voluntary and intelligent plea.

During his subsequent interview with Defendant, the probation officer noted that "defendant responded appropriately, exhibited no unusual behavior, and was able to recall past events in his life." PSR at ¶ 160.

At sentencing, the Court began the hearing by engaging Defendant in the following colloquy:

> **THE COURT**: All right. Mr. Singleton, you understand why you're here today. Is that correct?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT**: And you've had enough time to discuss your sentencing with your attorney. Is that also correct?
>
> **THE DEFENDANT**: Yes, Your Honor.
>
> **THE COURT**: Do you need any more time to talk to Mr. Wilson before I sentence you?
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: Do you know any reason why I should not proceed with sentencing today?

> **THE DEFENDANT**: No.
>
> **THE COURT**: Have you and your attorney gone over the final presence report that was prepared?
>
> **THE DEFENDANT**: Yes.
>
> * * *
>
> **THE COURT**: Okay, Other than those changes, Mr. Singleton, is there anything else that you believe is incorrect in your presence report.
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: Is there anything that you feel is missing from your presence report.
>
> **THE DEFENDANT**: No.
>
> **THE COURT**: In other words, something I should know about that's not in that report that you believe could be helpful to you and should be included? Anything that you can think of?
>
> **THE DEFENDANT**: No, sir.
>
> **THE COURT**: All right. Are you satisfied with your attorney's representation of you so far?
>
> **THE DEFENDANT**: Yes.

ECF No. 37 at 4-6.

During his sentencing argument, Defendant's counsel again highlighted his "client's diagnosed mental health problems, the fact that he educationally--he graduated from high school, but he was in special ed. classes[.]" ECF 37 at 9. He also characterized the negotiated sentence as a "just resolution" given "the **individual characteristics of my client** and the very serious nature of the offenses." *Id*. at 10.(emphasis added.)

When the Court asked Defendant if he wished to say anything before he was sentenced, the Defendant gave the following statement:

6

> **THE DEFENDANT**: It kind of took me a little bit to write this, but, Your Honor, I just want to start by apologizing to everyone I victimized in all these cases. It was definitely the most arrogant and the most idiotic thing I've ever done in my entire life. At the time I was doing these ingenious acts, I didn't comprehend that I wasn't just hurting myself, but by doing all these ignorant things, I was and am hurting my loved ones as well as people that really care about me. It makes me feel disgusted – it make me feel disgusted to have my loved ones come and see me behind these or any secure doors. It hurts so much. It hurt so much to have my baby girl and my baby boy – see them get so big and can't touch them or hold them or even have to have them come see me behind a window and talk on the phone with them. It blows my heart in –to pieces, because never once have I got to take either one of my kids trick or treating. The first years of their life, I got 302'd for being suicidal, because I wasn't taking my meds. The second and coming third year of their life, I missed all holidays with my kids, because I've been incarcerated. Your Honor, I am extremely appalled at the actions and behaviors I have put myself in, and it will never happen again. To make sure this negligence never occurs again, I would like to take the classes I need to better myself as a person. One of the main classes I would like to take is a drug and alcohol program. I drank really heavy on the street. I don't want to drink when I go out. I also want to take advantage on getting a trade. I want to get a master's degree in – I want to get a master's degree in auto body, like doing cars and stuff. Your Honor, I want to come home being successful, not – not worse, but – thank you – not worse, but – and not the same. But I want to be different. I want to come home and be successful not just for myself, for my family and kids. After all this is done, I'm done on probation and stuff for the feds, and I'm done with my fed time, I would just like to leave [the] state and live a better life. Your Honor, I apologize once again for my negativity. Thank you and God Bless.

ECF 37 at 13-14.

Defendant's statement to the Court was lucid and cogent, acknowledged his remorse and acceptance of responsibility, and contained a plan to become a functioning member of society upon his release. There is absolutely no indication of mental incompetency from this statement.

For many of these same reasons, Defendant's claim that his counsel was ineffective for failing to request a competency hearing must also be denied. A defendant

claiming ineffective assistance of counsel in violation of the Sixth Amendment must show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

      Defense counsel's representation of Defendant simply did not fall below an objective standard of reasonableness. Defense counsel raised Defendant's mental history at both the guilty plea hearing and sentencing hearings. In not making a request for a competency hearing, defense counsel obviously did not believe, based on discussions and interactions with Defendant that a competency evaluation was in his client's best interests. The plea hearing and sentencing transcripts cited above support counsel's actions and reveal no evidence whatsoever that Defendant was laboring under any sort of mental incapacitation such that a competency evaluation was necessary. Instead, Defense counsel wisely chose to make the more meritorious argument that Defendant's mental health history in general supported the very favorable terms of the accepting the favorable terms of the Rule 11(c)(1)(C) negotiated plea agreement. Again, the Court notes that Defendant received a sentence of 120 months which was 60 months below the low end of Defendant's federal guideline range (taking into account the statutory mandatory minimum of 84 months on Count Five).

      Finally, there was no basis for the Court to hold a hearing on Defendant's section 2255 motion since the motion and the files and the record of the case conclusively show that Defendant is entitled to no relief and the motion is based largely on bald assertions and conclusory allegations. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008), holding modified by *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841 (3d Cir. 2017).

Because Defendant has not established "a substantial showing of a denial of any constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.